NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT RAY FERGUSON, | No. 16-35890 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00073-EJL-CWD |
| v. | |
| DAVID AGLER, Dr.; MURRAY YOUNG, Dr., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted July 10, 2018[**]

Before:    CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Idaho state prisoner Robert Ray Ferguson appeals pro se from the district

court's summary judgment on his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs and his state-law claim alleging

negligence.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

*Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Ferguson's deliberate indifference claim because Ferguson failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in their treatment of his medical conditions, including his hip pain. *See id.* at 1057-58 (a prison official acts with deliberate indifference only if she or he knows of and disregards an excessive risk to the prisoner's health; a mere difference in medical opinion or negligence is insufficient to establish deliberate indifference).

The district court properly granted summary judgment on Ferguson's negligence claim because Ferguson failed to introduce competent expert testimony showing that defendants "negligently failed to meet the applicable standard of health care practice." *Ballard v. Kerr*, 378 P.3d 464, 476 (Idaho 2016) (citing Idaho Code §§ 6-1012, 6-1013); *see also Easterling v. Kendall*, 367 P.3d 1214, 1226 (Idaho 2016) (setting forth elements of medical malpractice claim under Idaho law and stating that "the applicable standard of care and breach of that standard [must] be proved by expert testimony").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal, including

16-35890

Ferguson's contention that the district court abused its discretion by striking exhibits attached to the complaint. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as unsupported by the record Ferguson's contentions regarding the discovery schedule and the district court's alleged failure to consider his evidence.

Ferguson's renewed motion for appointment of counsel (Docket Entry No. 38) is denied.

**AFFIRMED.**